UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO. 1:14-CV-102-GNS-HBB

JUDY PITT                                                                                                    PLAINTIFF

v.

CAROLYN W. COLVIN, Acting
Commissioner of Social Security                                                                DEFENDANT

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Magistrate Judge Brennenstuhl's Findings of Fact, Conclusions of Law and Recommendation ("R&R") (DN 20), and the objections thereto by Plaintiff Judy Pitt ("Pitt") (DN 21). For the reasons stated below, the Court hereby **OVERRULES** Pitt's objections and **ADOPTS** the Findings of Fact, Conclusions of Law and Recommendation of Magistrate Judge Brennenstuhl in full.

### I.   STATEMENT OF FACTS AND CLAIMS

Pitt filed for disability insurance benefits on January 4, 2011, alleging that her disability began on December 30, 2007. (Administrative R. 11 [hereinafter R.]). The Commissioner denied her claim on July 27, 2011, and upon reconsideration on October 19, 2011. (R. 11). Pitt then participated in a hearing before Administrative Law Judge Shannon H. Smith ("the ALJ") on January 16, 2013. (R. 11).

The ALJ concluded that Pitt last met the insured status requirements on December 31, 2007. (R. 13). She noted that Pitt reported income in 2001-2003, reported no income from 2004-2008, and reported income in 2009-2010. (R. 13). The ALJ noted the result that Pitt "must

establish she was disabled on or before this very brief, two day period [December 30 and December 31] in 2007." (R. 14). The ALJ concluded that Pitt did not meet her burden, as "there were no medical signs or laboratory findings to substantiate the existence of a medically determinable impairment." (R. 14). The ALJ specifically noted that Pitt submitted no medical records from December 30, 2007, through December 31, 2007, but that Pitt did submit older medical records. (R. 14-15).

These records include records from Dr. Craig Beard of a total right hip replacement procedure on November 16, 2007. (R. 291-94). Pitt's records from Dr. Beard leading up to her right hip replacement reflect that she suffered from right hip pain and mid-back pain. (R. 295-301). On November 26, 2007, Pitt returned to Dr. Beard for a follow-up, at which time he noted that "[f]or the most part she states she is doing quite well, not having a lot of discomfort or pain." (R. 302). Other than records that date well before December 2007 or occurred after December 2007, Pitt provided no other medical records.

The Appeals Council denied Pitt's request for review. (R. 1-3). On August 11, 2014, Pitt filed her Complaint in this Court. (Compl., DN 1). On June 9, 2015, the Magistrate Judge filed an R&R recommending that judgment be entered in favor of Defendant Carolyn W. Colvin, acting Commissioner of the Social Security Administration ("the Commissioner"). (Findings of Fact, Conclusions of Law and Recommendation, DN 20 [hereinafter R&R]). Pitt has objected (Pl.'s Objs. to R&R, DN 21), and the Commissioner has replied to Pitt's objections (Def.'s Reply to Pl.'s Objs. to the Magistrate J.'s Findings of Fact, Conclusions of Law, and Recommendations [hereinafter Def.'s Reply]). This matter is ripe for decision.

## II. JURISDICTION

The Court has jurisdiction to examine the record that was before the Commissioner on the date of the Commissioner's final decision and to enter a judgment affirming, modifying, or reversing that decision. *See* 42 U.S.C. § 405(g).

## III. STANDARD OF REVIEW

Social Security cases may receive different levels of review in federal district courts. The Federal Magistrates Act allows district judges to designate magistrate judges to issue "proposed findings of facts and recommendations for disposition . . . ." 28 U.S.C. § 636(b)(1)(B). The magistrate judge then files a recommendation, and each party may object within fourteen days. Those parts of the report to which objections are raised are reviewed by the district judge *de novo*. 28 U.S.C. 636(b)(1). In conducting its review, this Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.* This differs from the standard applied to the Commissioner of Social Security's decision. That decision, rendered by an ALJ, is reviewed to determine "whether it is supported by substantial evidence and was made pursuant to proper legal standards." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007) (citations omitted).

Evidence that a "reasonable mind might accept as adequate to support a conclusion" is substantial evidence. *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (internal quotation marks omitted) (citation omitted). It is "more than a scintilla of evidence but less than a preponderance . . . ." *Rogers*, 486 F.3d at 241 (citation omitted). Where substantial evidence supports the ALJ's decision, a court is obliged to affirm. *Siterlet v. Sec'y of Health & Human Servs.*, 823 F.2d 918, 920 (6th Cir. 1987) (citation omitted). The court should not attempt to second-guess the factfinder with respect to conflicts of evidence or questions of credibility. *Bass*

*v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007) (citation omitted). The district court may consider any evidence in the record, regardless of whether it is cited in the ALJ's decision. *Mullen v. Bowen*, 800 F.2d 535, 545-46 (6th Cir. 1986).

## IV.    DISCUSSION

Pitt objects to Magistrate Judge Brennenstuhl's analysis as to the ALJ's Findings 1, 3, and 4. (Pl.'s Objs. to R&R).

### A.    Finding 1

The ALJ's first finding was that Pitt's last insured date was December 31, 2007, based upon her work history. (R. 13-14). The Magistrate Judge determined that the ALJ's finding was supported by substantial evidence, and that she applied the correct legal standard. (R&R 3-8).

In order to receive disability benefits, Pitt had to show that she became disabled prior to the expiration of her insured status. 42 U.S.C. § 423. A claimant seeking disability benefits must show that during the last 40-quarter[1] period he or she "had not less than 20 quarters of coverage . . . ."[2] 42 U.S.C. § 423(c)(1)(B)(i). Pitt's ICERS Earning Record shows that she reported income in 2003 and reported no income thereafter until 2009. (R. 170-71). The ALJ found that, based upon these records, Pitt was last insured on December 31, 2007, one day after her alleged date of onset of her disability. (R. 13-14).

Pitt argues that her daughter's affidavit clarified that Pitt earned income from 2004 through 2009. (Pl.'s Objs. 1). The affidavit reflects that Pitt babysat from 2004 to 2010, that it was a full-time job, and that her daughter paid her $300 monthly for her services. (Goodrum

---

[1] "Quarter or calendar quarter means a period of three calendar months ending March 31, June 30, September 30, or December 31 of any year." 20 C.F.R. § 404.102.
[2] Quarters are earned through "wages or self-employment income during the calendar years [a claimant] has worked." *Wilson v. Comm'r of Soc. Sec.*, No. 1:09-CV-878, 2010 WL 6862247, at *2 (W.D. Mich. Oct. 5, 2010) (citation omitted).

Aff., DN 19-1). The Magistrate Judge noted, however, that he could not evaluate the affidavit because the affidavit was not presented to the ALJ. *Cotton v. Sullivan*, 2 F.3d 692, 696 (6th Cir. 1993).

Pitt argues, referring to the affidavit, that she has demonstrated "good cause justifying a remand for administrative consideration of the new evidence." (Pl.'s Objs. 1). She explains why she submitted the affidavit, why she did not report income for the years in question, and that she has amended her 2009 tax returns. (Pl.'s Objs. 1-2). She argues that a reasonable mind might accept that the specific duties of caring for a grandchild constitute substantial evidence that her last insured date was at least December 31, 2009. (Pl.'s Objs. 2). She also points to a Work Activity Report stating that the babysitting was not substantial gainful activity, and one of Pitt's Work History Reports. (R. 3-4).

Pitt reported on a Work History Report dated January 21, 2011,[3] that she babysat from 2005 to August 2010, and that she received $100 every two weeks, not $300 each month. (R. 179, 181, 186). The Work Activity Report in which Pitt reported her babysitting income as $300 per month is dated January 4, 2011, the same day that Pitt applied for disability benefits. (R. 187-89). In addition, Pitt testified at the hearing before the ALJ that she babysat from 2005 through 2010. (R. 46).

As the Magistrate Judge correctly notes, however, "a claimant may document self-employment income *only* by submitting a timely filed income tax return." *Burke v. Sec'y of Health & Human Servs.*, 680 F.2d 1128, 1130 (6th Cir. 1982) (emphasis added). To the extent that Pitt argues that evidence in the record dictates that she earned income in years in which she

---

[3] While the document itself is dated January 21, 2010, it reflects work history through August 2010, a time which did not yet constitute history. The Court therefore concludes the correct date to be January 21, 2011.

5

did not report income and did not amend the income tax returns subsequently, her argument is not well-taken, as it is barred by the holding in *Burke*. Pitt did not amend her tax return filings for the years 2004 to 2008, and is now barred from doing so. *Acierno v. Barnhart*, 475 F.3d 77, 79 (2d Cir. 2007). A remand to allow her to amend her tax returns would, therefore, be futile.

Pitt did amend her 2009 taxes within the 3 years, 3 months, and 15 days following the end of 2009 as allowed by *Acierno*. In her objections, Pitt does not state when in 2012 she amended her 2009 income taxes. (Pl.'s Objs. 2). The ICERS Earnings Record relied on by the ALJ, however, was generated on July 14, 2012, and reflects that Pitt earned three quarters of income in 2009. (R. 171). A letter from Pitt's former counsel dated April 25, 2013, agrees with the income recited in the ICERS Earnings Record for 2009. (R. 272). Thus, whether or not the ALJ took those three quarters into account is of no consequence; even with those three quarters, Pitt did not earn the 20 required credits.

Pitt also objects to the Magistrate Judge's conclusion that the ALJ's decision did not violate her due process rights. (Pl.'s Objs. 5-6). In her brief, Pitt argues that a due process violation occurred regarding her last insured date. (Pl.'s Br. 9, DN 15). She argues that the ALJ should have allowed her to amend her onset date when she asked to do so at the hearing held before the ALJ, and that the ALJ's consideration of only the period between December 30, 2007, and December 31, 2007, was unreasonable. (Pl.'s Br. 9).

Pitt now argues in her objections, however, that her due process claim turns on a matter of public policy, *i.e.*, that she lacked sufficient income to pay for medical treatment because she was ineligible for Medicare, and the provision of the Affordable Care Act mandating enrollment (or, in Pitt's case, allowing enrollment) had not taken effect. (Pl.'s Objs. 5-6). "[W]hile the Magistrate Judge Act permits *de novo* review by the district court if timely objections are filed,

6

absent compelling reasons, it does not allow parties to raise at the district court stage new arguments or issues that were not presented to the magistrate." *Murr v. United States*, 200 F.3d 895, 903 n.1 (6th Cir. 2000) (citations omitted). *See also Williams v. White*, No. 5:14-CV-159-GNS-LLK, 2015 WL 1298627, at *4 (W.D. Ky. Mar. 23, 2015) (citing *Murr*, 200 F.3d at 903 n.1). Because Pitt did not raise this argument before the Magistrate Judge, and has not cited any compelling reasons why this Court should hear the argument at this late date, the Court will not entertain it now.

The Court finds that the ALJ's finding as to Pitt's last insured date is supported by substantial evidence and that the ALJ applied the correct legal standards. The Court will therefore overrule Pitt's objections to the portion of the Magistrate Judge's R&R addressing that finding.

### B. Finding 3

The ALJ's third finding was that "[t]hrough the date last insured, there were no medical signs or laboratory findings to substantiate the existence of a medically determinable impairment." (R. 14-15). The Magistrate Judge first focused on Pitt's argument that the ALJ improperly set Pitt's onset date as December 30, 2007, and concluded that the ALJ's finding as to the onset date was supported by substantial evidence. (R&R 8-9). The Magistrate Judge then found that Pitt failed to provide evidence that she was disabled at any time prior to her last insured date of December 31, 2007, and concluded that the ALJ's identical finding was supported by substantial evidence. (R&R 9-14).

Pitt points to the records of Dr. Reynolds and Pitt's testimony to argue that the ALJ's conclusion was not supported by substantial evidence. (Pl.'s Objs. 6-8). Pitt also argues that the

ALJ and Magistrate Judge "incorrectly gave little weigh to Dr. Reynolds' opinion and records." (Pl.'s Objs. 8-9).

As noted above, two days were relevant to Pitt's disability: December 30, 2007 (onset date) and December 31, 2007 (last insured date). Pitt submitted no medical records from these two dates. The ALJ examined records predating December 30, 2007, however, including the records of Pitt's right hip replacement by Dr. Beard, including follow-up visits. (R. 14-15). The ALJ also addressed Dr. Reynolds, Pitt's primary care physician, and noted that he did not see her from January 2007 to June 2009. (R. 15). Finally, the ALJ noted that she gave Dr. Reynolds' opinion little weight because he had not seen Pitt within almost a year of the onset date; his contention that she was fully disabled was vague, unsupported by medical evidence, and was not in functional terms; and his letter discussed much more recent medical findings, treatments, and tests, instead of discussing same for the period in question. (R. 15).

Pitt first protests that it is incorrect that Dr. Reynolds did not see Pitt from January 2007 to June 2009, and notes an appointment that Pitt had on January 4, 2007, and another on February 9, 2007. (Pl.'s Objs. 6). The Court could find no reference to either of those dates in the medical records from Dr. Reynolds' office, and to that extent, Pitt's objection is overruled.

Pitt next relies on her testimony to establish her disability and that its onset occurred prior to December 31, 2007. (Pl.'s Objs. 6-8). The ALJ found that Pitt's testimony and her daughter's Third Party Function Report were "subjective non-medical sources unable to establish the presence of a medical condition." (R. 15). Pitt notes that her testimony reflected her memory impairment, as she could not remember what medicines she took in 2007. (Pl.'s Objs. 6). Pitt testified in January 2013 about events that occurred over 5 years earlier; it is unsurprising that she cannot remember what medications she was taking that long ago.

Pitt then focuses on her testimony and medical records regarding arthritis. Her medical records from Dr. Reynolds do reflect that Pitt has suffered from osteoarthritis since at least July 2003 (R. 317), but Pitt has not claimed that her disability dates from July 2003 or before. While Dr. Beard's records reflect arthritis in Pitt's right hip shortly before the onset date, they also reflect that Pitt's hip replacement was successful in that she shortly began walking without a limp and reported nearly a year later she was "doing quite well." (R. 291-302).

As for records post-dating Pitt's last insured date, the Magistrate Judge listed several cases illustrating the fact that "evidence issued after a date last insured generally lacks probative value." (R&R 10-11). In this case, some of the medical records post-dating December 31, 2007, have a degree of probative value. As noted above, the records of Dr. Beard detailing Pitt's recovery from right hip replacement are probative in that they show that her pain and hindrance of motion were greatly improved following the surgery. (R. 291-302). The later records from Dr. Reynolds are not probative, however, as they are too far removed from the last insured date to shed any light on Pitt's condition on that date.

Pitt also argues that the ALJ did not properly take into consideration Pitt's testimony regarding her depression. (Pl.'s Objs. 8). Pitt cites to no evidence other than her testimony that supports her assertion that her depression is disabling. Absent some support in the record, Pitt's testimony alone is insufficient to support a finding of disability.

Finally, Pitt argues that the ALJ and Magistrate Judge did not give the appropriate weight to Dr. Reynolds' opinion that Pitt is totally disabled and unable to work. (Pl.'s Objs. 8-9).

> [A]n ALJ may only choose not to give a treating physician's opinion controlling weight if she gives "good reasons . . . for the weight give[n]," 20 C.F.R. § 404.1527(d)(2) (now in 20 C.F.R. § 404.1527(c)(2)) and if those reasons are "supported by the evidence in the case record, and [are] sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the

9

> treating source's medical opinion and the reasons for that weight," SSR 96-2p, 1996 WL 374188, at *5 (1996).

*Gentry v. Comm'r of Soc. Sec.*, 741 F.3d 708, 727 (6th Cir. 2014) (second, third, and fourth alterations in original). The ALJ adequately explained why she did not give Dr. Reynolds' opinion controlling weight. "First, Dr. Reynolds had no treatment contact from December 30 to December 31, 2007, and he had not seen the claimant in nearly a year as of the alleged onset date." (R. 15). Without contact with Pitt for nearly a year prior to her onset date, Dr. Reynolds' opinion that she was disabled as of that time is entitled to little weight.

"Second, his contention that she is 'fully disabled and unable to do physical work' is vague, supported by no treatment records over the period in question, and is not in functional terms." (R. 15). The last factor is key, as medical source opinions espousing that a claimant is disabled or unable to work are not considered medical opinions, as they opine on an issue reserved to the Commissioner. 20 C.F.R. § 404.1527(d)(1). As discussed above, the Court has determined that there is a dearth of medical records supporting Pitt's assertion of disability, and accordingly there is no substantial medical evidence supporting Dr. Reynolds' opinion that Pitt is disabled. His opinion is therefore entitled to little weight.

"And third, his letter discusses much more recent medical findings, treatments, and tests without specific discussion of her status during the period over which disability must be established." (R. 15). As discussed above, the medical records provided that are dated after Pitt's last insured date, other than those of Dr. Beard detailing Pitt's right hip replacement aftercare, have little to no probative value. Dr. Reynolds' opinion in his letter appears to be based in large part upon the same subsequent medical history with little to no probative value. Accordingly, his opinion is entitled to less weight.

10

In sum, the ALJ's finding that "[t]hrough the date last insured, there were no medical signs or laboratory findings to substantiate the existence of a medically determinable impairment" is supported by substantial evidence and applies the correct legal standards. The Court will therefore overrule Pitt's objection.

### C. Finding 4

The ALJ's fourth and final finding was that "[Pitt] was not under a disability, as defined in the Social Security Act, at any time from December 30, 2007, the alleged onset date, through December 31, 2007, the date last insured." (R. 15). The Magistrate Judge interpreted Pitt's argument as to Finding 4 as requesting a "sentence six remand" pursuant to 42 U.S.C. § 405(g). (R&R 14). Pitt's objections to the R&R agree that she seeks such a remand. (Pl.'s Objs. 9-10).

"[T]he district court may order a prejudgment 'sentence six' remand, which provides a potential avenue for . . . the reopening of the administrative record so that the Commissioner may consider 'new and material evidence that for good cause was not previously presented to' the Commissioner." *Hollon ex rel. Hollon v. Comm'r of Soc. Sec.*, 447 F.3d 477, 483 (6th Cir. 2006) (quoting *Faucher v. Sec'y of Health & Human Servs.*, 17 F.3d 171, 174 (6th Cir. 1994)). In order to warrant a sentence six remand, Pitt must show "(i) that the evidence at issue is both 'new' and 'material,' and (ii) that there is 'good cause for the failure to incorporate such evidence into the record in a prior proceeding.'" *Hollon*, 447 F.3d at 483 (quoting 42 U.S.C. § 405(g)).

Pitt seeks a remand in order to place the medical records of Dr. John Adams before the Commissioner. (Pl.'s Objs. 9-10). She argues that the records were submitted to the ALJ, but not included in the evidentiary record. (Pl.'s Objs. 10). As with her argument regarding a due process violation, Pitt has presented an argument not raised in her initial brief to the Magistrate Judge. (*Compare* Pl.'s Br. 20-22, *with* Pl.'s Objs. 9-10). Because Pitt did not raise this argument

11

before the Magistrate Judge, and has not cited any compelling reasons why this Court should hear the argument at this late date, the Court will not entertain it now. *See Murr*, 200 F.3d at 903 n.1; *Williams*, 2015 WL 1298627, at *4.

## V. CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED AND ADJUDICATED** that Magistrate Judge Brennenstuhl's Findings of Fact, Conclusions of Law and Recommendation (DN 20) is **ACCEPTED AND ADOPTED IN ITS ENTIRETY**, and Pitt's Objections (DN 21) are **OVERRULED**.

This is a final and appealable Memorandum Opinion and Order, and there is no just cause for delay.

**Greg N. Stivers, Judge**
**United States District Court**
September 11, 2015

cc: counsel of record